**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:<br><br>LeClairRyan PLLC,<br><br>Debtor | Case No.: 19-34574-KRH<br><br>Chapter 7 |
| Lynn L. Tavenner, as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>Esquire Deposition Services, LLC,<br><br>Defendant. | Adv. Pro. No.: _____ |

**THE TRUSTEE'S COMPLAINT TO: (I) AVOID
AND RECOVER PREFERENTIAL TRANSFERS,
(II) DISALLOW CLAIMS, AND (III) RELATED RELIEF**

COMES NOW Lynn L. Tavenner, not individually, but solely in her capacity as the duly appointed Chapter 7 trustee (the "**Trustee**" or herein "**Plaintiff**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**"), for her complaint (the "**Complaint**") against Esquire Deposition Services, LLC (the "**Defendant**"), and alleges as follows:

---

Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
Jack G. Haake (VSB No. 87590)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC 20007-5109
Telephone: (202) 672-5300
Telecopy: (202) 672-5399
emorabito@foley.com

*Counsel to Lynn L. Tavenner, Esq., of Estate of LeClairRyan PLLC*

4851-6175-5322

## NATURE OF ACTION

1.  The Trustee brings this action against Defendant to avoid and recover certain preferential transfers that occurred during the ninety (90) day period prior to the commencement the Case. Specifically, the Trustee seeks entry of a judgment against Defendant: (i) avoiding transfers pursuant to 11 U.S.C. § 547(b); (ii) directing Defendant to pay an amount to be determined at trial that is not less than the amount of avoidable transfers, plus interest and costs, pursuant to 11 U.S.C. § 550(a); and (iii) disallowing any claims filed by the Defendant against the Debtor's Estate unless and until Defendant returns the avoidable transfers to the Trustee pursuant to 11 U.S.C. § 502(d).

## THE PARTIES

2.  The Trustee is the duly-appointed Chapter 7 trustee of the Estate. Prior to the Petition Date (defined below), the Debtor operated as a law firm. The Debtor operated its businesses from several states including Virginia.

3.  On information and belief, the Defendant provided goods and/or services to the Debtor at varying times prior to September 3, 2019 (the "**Petition Date**").

## JURISDICTION AND VENUE

4.  This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

5.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (F).

6.  Venue of these Chapter 11 cases and this adversary proceeding in this District and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

7.  The statutory and legal predicates for the relief requested by the Complaint are 11 U.S.C. §§ 105, 502(d), 541, 542, 547, 550 and 558, Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

8.  Plaintiff consents to entry of a final order by the Court in this adversary proceeding.

## RELEVANT FACTS

### A. Case Background

9. On the Petition Date, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

10. On September 12, 2019, the United States Trustee filed its *Motion to Convert Case to Chapter 7* (the "**Motion to Convert**") and notice thereof, ECF No. 61. At a hearing on September 26, 2019, the Court denied the Motion to Convert. However, per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**").

11. Upon conversion, Lynn L. Tavenner was appointed interim trustee, and she continues to serve in that capacity.

### B. Adversary Proceeds Administration

12. On February 11, 2020, the Trustee filed the Trustee's Motion for an Order Establishing Procedures Regarding the Prosecution of Avoidance Actions Involving Persons Other than Former Attorneys and Certain Others and Memorandum in Support Thereof (the "**NFA Motion**"). ECF No. 345. Through the NFA Motion, the Trustee sought to establish procedures (the "**NFA Adversary Proceeding Procedures**") governing avoidance actions to recover certain transfers avoidable under the Bankruptcy Code and other applicable law.

13. On February 27, 2020, the Court entered an order (the "**NFA Order**") granting the NFA Motion. ECF No. 385.

14. Pursuant to the NFA Order, the Trustee is authorized to initiate adversary proceedings pursuant to the NFA Adversary Proceeding Procedures, which include specific rules

governing litigation, mediation, and settlement. A reference to the NFA Adversary Proceeding Procedures should be made in responding to this Complaint.

**C.      Business Relationship Between the Debtor and Defendant**

15. Prior to the Petition Date, the Debtor was a large multi-state law firm providing legal services to clients. In conducting its business operations, the Debtor regularly purchased, received, and/or provided goods and services.

16. During the ninety (90) days before the Petition Date, (the "**Preference Period**"), the Debtor continued to engage in business and regularly made payments and other transfer of property to vendors and other parties, including the Defendant.

17. Prior to the Petition Date, the Debtor and the Defendant engaged in one or more business transactions evidence by contracts, invoices, communications and/or other documents (collectively, the "**Agreements**").

18. In bringing this Complaint, Plaintiff has conducted an analysis of certain business records and information of the Debtor. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that are otherwise avoidable. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of the Defendant.

19. To the extent that the Debtor's records do not accurately identify all transfers made by the Debtor of an interest in the Debtor's property, including but not limited to any transfers that cleared or otherwise were made post-petition, Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the Preferential Transfers (defined below), (ii) additional transfers, (iii) modifications of and/or revision of the Defendant's name or identity, (iv) additional defendants, and/or (v) additional causes of action (collectively, the "**Amendments**"),

that may become known to Plaintiff at any time during the pendency of this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

**D.      Transfers to Defendant Made Within 90 Days Prior To The Petition Date**

20. During the Preference Period, the Debtor transferred property to or for the benefit of Defendant in an amount not less than $18,849.18. A list identifying each and every transfer during the Preference Period is attached hereto as **Exhibit A** and is incorporated herein by reference (collectively, the "**Preferential Transfers**" and each a "**Preferential Transfer**").

21. On or about March 12, 2020, counsel for the Trustee demanded that Defendant remit the total amount of the Preferential Transfers to the Trustee. Defendant did not remit such amounts or provide a satisfactory explanation as why the amounts are not avoidable under the Bankruptcy Code.

22. Some, but not all, of the Preferential Transfers might be subject to defenses under Section 547(c) of the Bankruptcy Code, for which Defendant bears the burden of proof under Section 547(g) of the Bankruptcy Code.

## COUNT I.
## AVOIDANCE OF PREFERENTIAL
## TRANSFERS PURSUANT TO 11 U.S.C. § 547(B)

23. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

24. The Trustee has undertaken reasonable due diligence given the circumstances of this case and taken into account the Defendant's known or reasonably knowable affirmative defenses.

25. During the Preference Period, Defendant was a creditor of the Debtor.

26. During the Preference Period, the Debtor made one or more Preferential Transfers to or for the benefit of the Defendant, including those set forth on the chart annexed hereto as **Exhibit A**, which is incorporated herein by reference.

27. Each Preferential Transfer was a transfer of an interest in the Debtor's property.

28. Each Preferential Transfer was made for or on account of an antecedent debt or debts owed by Defendant before such Preferential Transfers was made.

29. Each Preferential Transfer was made during the Preference Period.

30. The Debtor was insolvent when each Preferential Transfer was made. The Plaintiff is entitled to the presumption of insolvency for each Preferential Transfer pursuant to 11 U.S.C. § 547(f). Further, as evidenced by the Debtor's Schedules as well as the proofs of claim filed against the Debtor, the Debtor's liabilities exceed its assets. It is anticipated that creditors will receive less than full value on account of their allowed claims against the Debtor.

31. Each Preferential Transfer enabled Defendant to receive more than Defendant would have received if (i) the Preferential Transfers and/or payments had not been made; and (ii) Defendant received payment on account of the debt paid by the Preferential Transfers to the extent provided by the Bankruptcy Code.

32. Each Preferential Transfer constitutes an avoidable preference pursuant to Section 547(b) of the Bankruptcy Code.

33. Despite due demand, the Defendant has failed and refused to remit the amount of the Preferential Transfers to the Plaintiff.

34. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that each of the Preferential Transfers is avoided.

## COUNT II.
## RECOVERY OF PREFERENTIAL TRANSFERS
## PURSUANT TO 11 U.S.C. § 550

35. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

36. Defendant was either (i) the initial transferee of the Preferential Transfers, (ii) the entity for whose benefit the Preferential Transfers were made, or (iii) an immediate or mediate transferee of the Preferential Transfers.

37. Each Preferential Transfer that is avoided under Section 547(b) of the Bankruptcy Code is recoverable pursuant to Section 550 of the Bankruptcy Code.

38. Subject to potential defenses, the Trustee is entitled to recover the value of the Preferential Transfers pursuant to Section 550(a) of the Bankruptcy Code.

39. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that the proceeds or value of each of the Preferential Transfers is recovered for the benefit of the Estate.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

i. Pursuant to Counts I and II, enter judgment against Defendant pursuant to 11 U.S.C. §§ 547 and 550 and allow the Trustee on behalf of the Estate to avoid and recover the Preferential Transfers in an amount of not less than $18,849.18;

ii. Award the Trustee prejudgment interest at the legally allowed applicable rate;

iii. Award the Trustee costs and expenses of suit herein; and

iv. Grant the Trustee such other and further relief as the Court deems just and appropriate.

*[Signature Page to Follow]*

4851-6175-5322

Dated: May 22, 2020

Respectfully submitted,

*/s/ Brittany J. Nelson*
Brittany J. Nelson (VSB No. 81734)
Erika L. Morabito (VSB No. 44369)
Jack G. Haake (VSB No. 87590)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC  20007-5109
(202) 672-5300 (telephone)
(202) 672-5399 (facsimile)
emorabito@foley.com

*Counsel to Lynn L. Tavenner, Esq., of Estate of LeClairRyan PLLC*

## **EXHIBIT A**

### STATEMENT OF TRANSFERS DURING THE PREFERENCE PERIOD

### Esquire Deposition Services, LLC

| Vendor Name | Check Date | Description | Amount |
|---|---|---|---|
| Esquire Deposition Services, LLC | 6/25/2019 | Deposition services | $10,301.25 |
| Esquire Deposition Services, LLC | 7/29/2019 | Court reporting | $3,300.85 |
| Esquire Deposition Services, LLC | 7/29/2019 | Deposition charges | $5,247.08 |
|  |  |  | **$18,849.18** |

4851-6175-5322