**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **In re:** <br><br> **LeClairRyan PLLC,** <br><br> **Debtor** | **Case No.: 19-34574-KRH** <br><br> **Chapter 7** |
| **Lynn L. Tavenner, Chapter 7 Trustee,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **Esquire Deposition Services, LLC,** <br><br> **Defendant.** | **Adv. Pro. No.: 20-03065-KRH** |

## NOTICE OF MOTION FOR DEFAULT JUDGMENT

**PLEASE TAKE NOTICE** that Lynn L. Tavenner, not individually, but solely in her capacity as the duly-appointed Chapter 7 trustee (the "**Trustee**" or herein "**Plaintiff**") of the bankruptcy estate of LeClairRyan PLLC in the above-referenced Chapter 7 case, by and through her undersigned counsel, has filed a Motion for Default Judgment (the **"Motion"**) in the above-captioned adversary proceeding.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained for a fee at *https://ecf.vaeb.uscourts.gov*.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

---

Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
Jack G. Haake (VSB No. 87590)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC 20007-5109
Telephone: (202) 672-5300
Telecopy: (202) 672-5399
emorabito@foley.com

*Counsel to Lynn L. Tavenner, Esq.,*
*Chapter 7 Trustee of Estate of LeClairRyan PLLC*

4851-9210-5157

**PLEASE TAKE FURTHER NOTICE THAT** on September 4, 2019, the Court entered the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, ECF No. 38 (the "**Case Management Order**"), which approved the Notice, Case Management and Administrative Procedures attached as Exhibit 1 to the Case Management Order (the "**Case Management Procedures**").  The Case Management Procedures, among other things, prescribe the manner in which Objections must be filed and served and set forth when certain hearings will be conducted.  A copy of the Case Management Order may be obtained for a fee at https://ecf.vaeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** if you do not want the Court to grant the relief requested in the Motion, or if you want the Court to consider your views on the Motion, then, by

**4:00 p.m. prevailing Eastern Time on December 17, 2020** (the "**Objection Deadline**"), you or your attorney must:

- ☒ File with the Court, either electronically or at the address shown below, a written response to the Motion pursuant to Rule 9013-1(H) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia and the Case Management Procedures.  If you mail your written response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the Objection Deadline.  **If a response is not properly and timely filed and served, the Court may deem any opposition waived, treat the Motion as conceded and enter an appropriate order granting the requested relief without further notice or hearing.**

>   Clerk of the Court
>   United States Bankruptcy Court
>   701 East Broad Street
>   Suite 4000
>   Richmond, VA 23219

In accordance with the Case Management Procedures, you must also serve a copy of your written Objection on the Core Parties, the 2002 List Parties and any Affected Entity so that the Objection is received on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** you should consult the Case Management Procedures before filing any written response.

*[Remainder of Page Intentionally Left Blank]*

Dated: November 20, 2020          Respectfully submitted,

*/s/ Brittany J. Nelson*
Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
Jack G. Haake (VSB No. 87590)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC  20007-5109
(202) 672-5300 (telephone)
(202) 672-5399 (facsimile)
bnelson@foley.com

*Counsel to Lynn L. Tavenner, Esq., Chapter 7
Trustee of Estate of LeClairRyan PLLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **In re:** <br><br> **LeClairRyan PLLC,** <br><br> **Debtor** | **Case No.: 19-34574-KRH** <br><br> **Chapter 7** |
| **Lynn L. Tavenner, Chapter 7 Trustee,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **Esquire Deposition Services, LLC,** <br><br> **Defendant.** | **Adv. Pro. No.: 20-03065-KRH** |

## MOTION FOR DEFAULT JUDGMENT

Lynn L. Tavenner, not individually, but solely in her capacity as the duly-appointed Chapter 7 trustee (the "**Trustee**" or herein "**Plaintiff**") of the bankruptcy estate of LeClairRyan PLLC (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**"), by and through her undersigned counsel, hereby moves (the "**Motion**") for default judgment against the defendant, Esquire Deposition Services, LLC (the "**Defendant**"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (the "**Federal Rules**") and Rules 7012 and 7055 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

---

Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
Jack G. Haake (VSB No. 87590)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC 20007-5109
Telephone: (202) 672-5300
Telecopy: (202) 672-5399
emorabito@foley.com

*Counsel to Lynn L. Tavenner, Esq.,*
*Chapter 7 Trustee of Estate of LeClairRyan PLLC*

4851-9210-5157

**Rules**"). In support of the Motion, the Plaintiff states the following, and with reference to the Affidavit of Counsel submitted, incorporated herewith, and attached as **Exhibit A.**

## THE PARTIES

1. The Trustee is the duly-appointed Chapter 7 trustee of the Estate. Prior to the Petition Date (defined below), the Debtor operated as a law firm. The Debtor operated its businesses from several states including Virginia.

2. On information and belief, the Defendant provided goods and/or services to the Debtor at varying times prior to September 3, 2019 (the "**Petition Date**").

## RELEVANT FACTS

3. During the ninety (90) days before the Petition Date, (the "**Preference Period**"), the Debtor continued to engage in business and regularly made payments and other transfer of property to vendors and other parties, including the Defendant.

4. Prior to the Petition Date, the Debtor and the Defendant engaged in one or more business transactions evidence by contracts, invoices, communications and/or other documents (collectively, the "**Agreements**").

5. On May 22, 2020, the Plaintiff initiated this adversary proceeding (the "**Adversary Proceeding**") by filing a Complaint (the "**Complaint**") [Docket No. 1] against the Defendant. The Complaint sought entry of an Order:

    (a)    finding the Defendant to be in possession of a preferential transfer from the Debtor in the amount of $18,849.18;

    (b)    finding such preferential transfer from the Debtor in the amount of $18,849.18 to be property of the Debtor and/or property of the Debtor's bankruptcy estate;

    (c)    Awarding the Trustee her costs and expenses incurred in connection with this Adversary Proceeding, including reasonable attorneys' fees; and

(d) Entering judgment in favor of the Trustee and against the Defendant pursuant to 11 U.S.C. §§ 547 and 550 and allow the Trustee on behalf of the Estate to avoid and recover the Preferential Transfers in an amount of not less than $18,849.18;

(e) Awarding the Trustee prejudgment interest at the legally allowed applicable rate;

(f) Requiring the Defendant to pay forthwith the amount of the Judgment; and

(g) Granting the Trustee such other and further relief as the Bankruptcy Court deems just and proper.

6. On May 26, 2020, the Clerk's Office issued a Summons (the "**Summons**") [Docket No. 2] in the Adversary Proceeding.

7. On June 1, 2020, the Plaintiff filed a Certificate of Service of Summons and Notice in an Adversary Proceeding (the "**Certificate of Service**") [Docket No. 3].

8. As more fully detailed in the Certificate of Service, on May 29, 2020, the Plaintiff effectuated service of the Summons and the Complaint on the Defendant by mail service, in accordance with Bankruptcy Rule 7004 [Docket No. 3].

9. The deadline for the Defendant to file a responsive pleading in the Adversary Proceeding was June 25, 2020.

10. As of the date of this Motion, the Defendant has not filed any responsive pleadings in this Adversary Proceeding. Accordingly, the Defendant is in default.

11. Thus, on or about August 26, 2020, the Plaintiff filed with the Court a Notice and Motion for Entry of Default [Docket No. 4] against the Defendant in accordance with Federal Rule 55(a).

12. On September 1, 2020, the Clerk's Office entered default against the Defendant [Docket No. 5].

Case 20-03065-KRH    Doc 6    Filed 11/20/20    Entered 11/20/20 10:24:10    Desc Main
Document    Page 7 of 16

13. As a result of the Defendant's default in this Adversary Proceeding, the Plaintiff is entitled to a default judgment by the Court:

 (a) finding the Defendant to be in possession of a preferential transfer from the Debtor in the amount of $18,849.18;

 (b) finding such preferential transfer from the Debtor in the amount of $18,849.18 to be property of the Debtor and/or property of the Debtor's bankruptcy estate;

 (c) Awarding the Trustee her costs and expenses incurred in connection with this Adversary Proceeding, including reasonable attorneys' fees; and

 (d) Entering judgment in favor of the Trustee and against the Defendant pursuant to 11 U.S.C. §§ 547 and 550 and allow the Trustee on behalf of the Estate to avoid and recover the Preferential Transfers in an amount of not less than $18,849.18;

 (e) Awarding the Trustee prejudgment interest at the legally allowed applicable rate;

 (f) Requiring the Defendant to pay forthwith the amount of the Judgment; and

 (g) Granting the Trustee such other and further relief as the Bankruptcy Court deems just and proper.

**WHEREFORE**, the Plaintiff, by counsel, respectfully requests that the Court issue an Order substantially in the form of **Exhibit B** attached hereto and grant any other and further relief as the Court deems just and proper.

Dated: November 20, 2020      Respectfully submitted,

             */s/ Brittany J. Nelson*
             Erika L. Morabito (VSB No. 44369)
             Brittany J. Nelson (VSB No. 81734)
             Jack G. Haake (VSB No. 87590)
             FOLEY & LARDNER LLP
             3000 K Street, NW, Suite 600
             Washington, DC  20007-5109
             (202) 672-5300 (telephone)
             (202) 672-5399 (facsimile)
             bnelson@foley.com

             *Counsel to Lynn L. Tavenner, Esq., Chapter 7*
             *Trustee of Estate of LeClairRyan PLLC*

7

4851-9210-5157

## **CERTIFICATE OF SERVICE**

   I hereby certify that on November 20, 2020, a copy of the foregoing *Notice of Motion for Default Judgment* was filed and served (a) via the Court's Electronic Case Filing System on all parties receiving such notification and (b) via first-class mail to the parties listed below:

Esquire Deposition Services, LLC
c/o National Registered Agents, Inc.
1209 Orange St.
Wilmington, DE 19801


Esquire Deposition Services, LLC
Attn: Michael Jarvis
25A Vreeland Rd., Ste. 200
Florham Park, NJ 07932

               */s/ Brittany J. Nelson*
               Brittany J. Nelson

# EXHIBIT A

## Affidavit of Counsel

4851-9210-5157

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **In re:** <br><br> **LeClairRyan PLLC,** <br><br> **Debtor** | **Case No.: 19-34574-KRH** <br><br> **Chapter 7** |
| **Lynn L. Tavenner, Chapter 7 Trustee,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **Esquire Deposition Services, LLC,** <br><br> **Defendant.** | **Adv. Pro. No.: 20-03065-KRH** |

**AFFIDAVIT OF COUNSEL WITH RESPECT TO DEFAULT OF DEFENDANT**

I, Brittany J. Nelson, Esquire, being first duly sworn, under penalty of perjury, do depose and state as follows:

1. I am counsel for Lynn L. Tavenner, not individually, but solely in her capacity as the duly-appointed Chapter 7 trustee (the "**Trustee**" or herein "**Plaintiff**") of the bankruptcy estate of LeClairRyan PLLC in the above-referenced Chapter 7 case, the plaintiff in the above-titled Adversary Proceeding against the defendant, Esquire Deposition Services, LLC (the "**Defendant**").

---

Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
Jack G. Haake (VSB No. 87590)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC 20007-5109
Telephone: (202) 672-5300
Telecopy: (202) 672-5399
emorabito@foley.com

*Counsel to Lynn L. Tavenner, Esq.,*
*Chapter 7 Trustee of Estate of LeClairRyan PLLC*

4851-9210-5157

2. On May 22, 2020, the Plaintiff initiated this adversary proceeding (the "**Adversary Proceeding**") by filing a Complaint (the "**Complaint**") [Docket No. 1] against the Defendant.

3. On May 26, 2020, the Clerk's Office issued a Summons (the "**Summons**") [Docket No. 2] in the Adversary Proceeding.

4. On June 1, 2020, the Plaintiff filed a Certificate of Service of Summons and Notice in an Adversary Proceeding (the "**Certificate of Service**") [Docket No. 3].

5. As more fully detailed in the Certificate of Service, on May 29, 2020, the Plaintiff effectuated service of the Summons and the Complaint on the Defendant by first-class U.S. mail, postage fully pre-paid, addressed to the Defendant's registered agent, in accordance with Bankruptcy Rule 7004(b)(3) [Docket No. 3].

6. The deadline for the Defendant to file a responsive pleading in the Adversary Proceeding was June 25, 2020.

7. As of the date of this Notice and Motion, the Defendant has not filed any responsive pleadings in this Adversary Proceeding. Accordingly, the Defendant is in default.

8. Thus, on August 26, 2020, the Plaintiff filed with this Court a Notice and Motion for Entry of Default [Docket No. 4] against the Defendant in accordance with Federal Rule 55(a).

9. On September 1, 2020, the Clerk's Office entered default against the Defendant [Docket No. 5].

10. To the best of my knowledge and belief, as the Defendant is a corporate entity, it is not serving in active duty of the Armed Forces of the United States, and it not an infant or incompetent person.

Further this affiant sayeth not.

*[Remainder of Page Intentionally Left Blank]*

Dated: November 20, 2020

Respectfully submitted,

*/s/ Brittany J. Nelson*
Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
Jack G. Haake (VSB No. 87590)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC 20007-5109
(202) 672-5300 (telephone)
(202) 672-5399 (facsimile)
bnelson@foley.com

*Counsel to Lynn L. Tavenner, Esq., Chapter 7 Trustee of Estate of LeClairRyan PLLC*

4851-9210-5157

# EXHIBIT B

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **In re:**<br><br>**LeClairRyan PLLC,**<br><br>**Debtor** | **Case No.: 19-34574-KRH**<br><br>**Chapter 7** |
| **Lynn L. Tavenner, Chapter 7 Trustee,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**Esquire Deposition Services, LLC,**<br><br>**Defendant.** | **Adv. Pro. No.: 20-03065-KRH** |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

On November 20, 2020, the Plaintiff, Lynn L. Tavenner, not individually, but solely in her capacity as the duly-appointed Chapter 7 trustee (the "**Trustee**" or herein "**Plaintiff**") of the bankruptcy estate of LeClairRyan PLLC in the above-referenced Chapter 7 case, by her undersigned counsel, filed its Motion for Default Judgment (the "**Motion**") against Esquire Deposition Services, LLC (the "**Defendant**"), in the above-captioned Adversary Proceeding.

The Court, having considered the papers submitted by the Plaintiff, it appearing that due notice was given and that good cause exists to grant the relief sought in the Motion, it is hereby

---

Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
Jack G. Haake (VSB No. 87590)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC 20007-5109
Telephone: (202) 672-5300
Telecopy: (202) 672-5399
emorabito@foley.com

*Counsel to Lynn L. Tavenner, Esq.,*
*Chapter 7 Trustee of Estate of LeClairRyan PLLC*

4851-9210-5157

**ADJUDGED, ORDERED, AND DECREED:**

1. The Motion is GRANTED.

2. Default judgment is hereby entered in favor of the Plaintiff and against the Defendant in the above-captioned Adversary Proceeding and all relief sought by the Plaintiff therein is granted, including the following:

   (a) Judgment is entered in favor of the Plaintiff and against the Defendant in the amount of $18,849.18, with interest accruing from the date of the Complaint at the judgment rate of interest, which Judgment finds (i) the Defendant to be in possession of a preferential transfer from the Debtor in the total amount of $18,849.18; and (ii) that such preferential transfer from the Debtor in the amount of $18,849.18 to be property of the Debtor and/or property of the Debtor's bankruptcy estate;

   (b) The Plaintiff is hereby awarded her costs and expenses incurred in connection with this Adversary Proceeding, including reasonable attorneys' fees; and

   (c) The Defendant is hereby ordered to pay forthwith the amount of the Judgment.

Dated: _____
       Richmond, Virginia

_____
THE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

4851-9210-5157

WE ASK FOR THIS:

/s/ Brittany J. Nelson
Erika L. Morabito (VA. Bar No. 44369)
Brittany J. Nelson (VA. Bar No. 81734)
Foley & Lardner LLP
3000 K Street, NW, Suite 600
Washington, DC  20007-5109
Telephone:  (202) 672-5300

*Special Counsel to Lynn L. Tavenner, Esq., the*
*Chapter 7 Trustee of Estate of LeClairRyan PLLC*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Brittany J. Nelson*

4851-9210-5157